### WASHINGTON WATER CO. v. PARRETT.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4349.

**Waters and water courses ⬤⇒177(1)—Requiring destruction of dam held inequitable.**

Where removal of dam would entail heavy loss, wholly disproportionate to damage that would be caused to land, it would be wholly inequitable to require destruction of dam because of slight damage, for which reimbursement in damages may be had.

Appeal from the District Court of the United States, for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Action by Frank L. Parrett against the Washington Water Company. From a decree requiring defendant to remove dam, or correct and alter it, defendant appeals. Decree vacated, and cause remanded, with directions.

Frank L. Parrett brought action in the common pleas court of Washington C. H., Fayette county, Ohio, to enjoin the Washington Water Company from building a dam in Paint creek. Parrett is the owner of a tract of land of 365 acres, situated about 100 rods

up stream from the lands of the water company, and it is alleged in his petition that, if the proposed dam should be constructed by defendant across the channel of Paint creek, it would check the current, cause the water to overflow plaintiff's land, and maintain a higher water level in the channel of said stream throughout the year, so as to materially interfere with and prevent proper drainage, and render plaintiff's land boggy and unfit for pasturage and cultivation.

Upon the petition of the defendant the cause was removed to the United States District Court. No temporary injunction was allowed, and after the cause had been removed to the District Court the plaintiff filed an amended and supplemental petition, in which it is alleged that the defendant had fully constructed and completed the dam, and prayed for a mandatory order requiring defendant to remove the dam, and that it be forever enjoined from obstructing or interfering with the natural flow of the water in the channel of this stream.

The defendant, by answer, admitted that plaintiff was the owner of .365 acres of land lying in a northerly direction from the lands owned by it; that it had completed the erection of the dam described in the petition, but denied that the dam as so constructed interferes in any way with the flow of the stream, checks the current, or that plaintiff's land has been or will be in any way damaged thereby. It is further alleged by the defendant that an ancient dam, constructed of driven piles and heavy plank, had been located at about the same place in Paint creek for many years; that in 1906 that dam gave way by reason of decay, and defendant constructed another dam of concrete in 1916, which dam gradually became undermined and gave way in May, 1921; that the present dam built by the defendant is about the level of the ancient timber dam, and about 65 rods further distant from plaintiff's land. The trial court found that "the defendant's dam, in time of freshets in Paint creek, does delay the subsidence of the water to some extent, and thus creates some appreciable damage, though slight, to plaintiff's land," and thereupon entered an order and decree requiring defendant to remove the dam entirely, or so correct and alter the same as to carry off the water, without backing it up along plaintiff's land. From this decree the defendant appealed.

Harvey Myers, of Covington, Ky., and Joseph S. Graydon, of Cincinnati, Ohio (John Logan, of Washington, Ohio, and Maxwell & Ramsey, of Cincinnati, Ohio, on the brief), for appellant.

A. E. Clevenger, of Cleveland, Ohio (John Weld Peck, of Cincinnati, Ohio, on the brief), for appellee.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. It is clearly evident from the record in this case that the removal of this dam would entail a heavy loss upon the appellant, wholly disproportionate to the damage that would be caused to plaintiff's land, which the trial court found would be appreciable, though slight. The trial court gave no directions as to how this dam should be altered, nor does it otherwise appear that any reasonable alteration thereof, less than its complete destruction, would prevent this slight damage to plaintiff's property. For this reason this court is of the opinion that it would be wholly inequitable to require the destruction of this dam, because of the slight damage to plaintiff's land, for which he may be fully reimbursed in damages.

For this reason, the decree of the District Court is vacated, and cause remanded, with directions to the District Court to proceed to ascertain and assess the damages, and that, unless said damages be paid by a time fixed by the court, a mandatory injunction shall issue in accordance with the decree from which this appeal is taken, or, if the plaintiffs should so elect, that the case be transferred to the law side of the court for the ascertainment of damages, as in an action at law.